988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ramon CANO, Plaintiff-Appellant,
v.
J. AGEE, Corrections Officer; G.C. Marshall, E.O.C..I.Lt.;
W.C.Delfs, E.O.C.I.Lt., Defendants-Appellees.
 No. 92-35511.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 18, 1993.
 
 Appeal from the United States District Court for the District of Oregon; No. CV-92-1111-FR, Helen J. Frye, District Judge, Presiding.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ramon Cano, an Oregon state prisoner, appeals pro se the district court's summary judgment for prison officials in Cano's 42 U.S.C. § 1983 action. Cano contends that prison officials violated his civil rights by (1) placing him in administrative segregation after Cano's altercation with his mentally retarded cellmate, and (2) by placing him in a cell with a mentally retarded prisoner. Cano also contends that the district court abused its discretion when it denied his request for appointment of counsel and additional discovery. We review de novo the district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We affirm.
 
 
 3
 * Summary Judgment
 
 
 4
 Summary judgment is appropriate if, viewing the evidence in the light most favorable to the party opposing the motion, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir.1986). "The party opposing summary judgment may not rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial." Id.
 
 II
 Administrative Segregation
 
 5
 Cano was placed in administrative segregation after the officer in charge discovered him fighting with his cellmate. After two days in segregation, Cano was provided with an administrative hearing and was released after prison officials found that he had acted in self-defense.
 
 
 6
 A protected liberty interest may arise from the due process clause itself or the laws of the states. Hewitt v. Helms, 459 U.S. 460, 466 (1983). The due process clause does not create a liberty interest in freedom from administrative segregation. Id. at 468. Thus, we look to Oregon state law to determine whether such an interest has been created.
 
 
 7
 Oregon state law provides that "an inmate charged with committing a rule violation may be placed in temporary disciplinary segregation status ... pending resolution of the charge." Or.Admin.R. 291-105-021(3). Under this provision, the officer in immediate charge of the inmate determines "that the alleged rule violation is of such seriousness that the good order and security of the facility requires immediate removal from the general population." Id.
 
 
 8
 Here, the governing Oregon statute does not provide Cano with a liberty interest in being free from temporary administrative segregation. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 462 (1989) (state regulations must contain mandatory language requiring substantive predicates for a liberty interest to exist). The language in the regulation gives the officer in charge discretion in determining whether to place a prisoner in temporary administrative segregation prior to the prisoner's administrative hearing. See id. Accordingly, the district court properly granted summary judgment for defendants on this issue. See Berg, 794 F.2d at 459.
 
 III
 Cell Assignment
 
 9
 Cano alleges that prison officials violated his due process and eighth amendment rights by placing him in a cell with a mentally retarded prisoner who later attacked him. This contention lacks merit.
 
 
 10
 First, Cano has failed to establish any liberty interest that would give him the right to be placed with an inmate of his choosing. Second, Cano has failed to allege sufficient facts to establish that prison officials "acted with 'deliberate indifference' to the threat of serious harm or injury by another prisoner." Berg, 794 F.2d at 459; see also White v. Roper, 901 F.2d 1501, 1503-04 (9th Cir.1990) (insufficient protection of a prisoner resulting in harm inflicted by other inmates may violate a prisoner's constitutional rights); Redman v. County of San Diego, 942 F.2d 1435, 1449 (9th Cir.1991) (en banc ), cert. denied, 112 S.Ct. 972 (1992) (prison officials violate due process rights of pretrial detainees when they act with deliberate indifference or recklessness to threat of harm by other inmates). Cano has failed to submit any evidence to contradict prison officials' testimony that they were unaware of any violent tendencies on the part of Cano's cellmate. Cano also fails to allege any harm or injury resulting from the fight. Accordingly, in the absence of specific facts to support Cano's allegations that the defendants were deliberately indifferent to a threat of serous harm to Cano, the district court properly granted summary judgment for defendants on this issue. See Berg, 794 F.2d at 459.
 
 IV
 
 11
 Appointment of Counsel and Discovery Request
 
 
 12
 Cano contends that the district court erred by denying his motion for appointment of counsel. The district court found that the law and the facts of Cano's action were straightforward and concluded that appointment of counsel was unnecessary. Given the circumstances of this action, the district court did not abuse its discretion by denying Cano's motion for appointment of counsel. See Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990) (appointment of counsel under section 1915(d) is left to the sound discretion of the trial court and is granted only in "exceptional circumstances" where the legal issues are complex).
 
 
 13
 Finally Cano contends that the district court erred by denying his motion for further discovery. Cano submitted interrogatories on the defendants to which the defendants thoroughly responded. Accordingly, the district court did not abuse its discretion by denying Cano's motion to compel further discovery. See United States v. Bourgeois, 964 F.2d 935, 937 (9th Cir.) (discovery rulings reviewed for an abuse of discretion), cert. denied 113 S.Ct. 290 (1992).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3